COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

LINDA M. COWAN

v. Record No. 0391-95-1 MEMORANDUM OPINION[*]
PER CURIAM
PINE OF YORK JULY 18, 1995
AND
CONTINENTAL CASUALTY COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Curt G. Spear, Jr., on briefs), for appellant.

(William C. Walker; Donna White Kearney; Taylor & Walker, on brief), for appellees.

Linda M. Cowan contends that the Workers' Compensation Commission erred in finding that (1) she failed to prove that her impingement syndrome and rotator cuff tear are "diseases" within the meaning of "disease" under the Workers' Compensation Act; and (2) her conditions did not arise out of and in the course of her employment as a custodian for Pine of York ("employer"). Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

In Merillat Industries, Inc. v. Parks, 246 Va. 429, 436 S.E.2d 600 (1993), the Supreme Court of Virginia held that the Workers' Compensation Act "requires that the condition for which compensation is sought as an occupational disease must first

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

qualify as a disease." Id. at 432, 436 S.E.2d at 601. "[T]he record must support a finding . . . [of] disease." Id. at 433, 436 S.E.2d at 602. No medical evidence in this record would support a finding that Cowan's impingement syndrome and rotator cuff tear are diseases. Dr. Thomas M. Stiles, the treating orthopedist, never referred to these conditions as diseases nor did he relate them to any disease process. Rather, he consistently attributed these conditions to repetitive lifting. The record supports the commission's finding that no medical evidence in the record satisfies the definition of disease set forth in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993).

Because our ruling on the "disease" issue disposes of this appeal, we will not address Cowan's second question presented.

For the reasons stated, we affirm the commission's decision.

Affirmed.